EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants
The Pepsi Bottling Group, Inc.
Kevin Daniels, Amy Corona
and Doug Haasis
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
(973) 642-1900
Carmine A. Iannaccone (CAI 6615)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

―――――――――――――――――――――x
MOSES EASTER,

      Plaintiff,

vs.

PEPSI BOTTLING GROUP, INC., KEVIN
DANIELS, AMY CORONA, and DOUG
HASIS,

      Defendants.
―――――――――――――――――――――x

CIVIL ACTION NO.

**NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

  Defendants, The Pepsi Bottling Group, Inc. (hereinafter referred to as "PBG"), Kevin Daniels, Amy Corona and Doug Haasis (collectively referred to as "Defendants"), by and through their attorneys, Epstein Becker & Green, P.C., respectfully say:

  1.  Plaintiff, Moses Easter, commenced this action on August 14, 2009 by filing a Complaint in the Superior Court of New Jersey, Law Division, Essex County, entitled

Moses Easter v. Pepsi Bottling Group, Inc., Kevin Daniels, Amy Corona, and Doug Hasis, Docket No. ESX-L-6719-09. Said action is now pending in that Court.

2. Defendants received their first notice of the Complaint on September 14, 2009, the date on which the Summons and Complaint was served on PBG.

3. A copy of the foregoing papers, which constitutes all of the pleadings to date, is annexed hereto as Exhibit A.

4. The above-captioned action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 and §1337, and is one which may be removed to this Court by defendant pursuant to 28 U.S.C. §1441, in that:

a. Plaintiff's Complaint alleges interference with employment contractual relations which resulted in plaintiff's failure to sustain his position; these terms of employment are exclusively addressed by the labor contract between defendant, PBG, and plaintiff's union, Teamsters Local 125 (the "Union"). The contract referred to is the collective bargaining agreement ("CBA") between PBG and the Union, which exclusively governs the terms and conditions of the members employment. Accordingly, plaintiff's claims allege a cause of action governed exclusively by §301 of the Labor Management Relations Act, 29 U.S.C. §185, *et seq*. ("LMRA").

b. This Court has original jurisdiction over the above-captioned action pursuant to the LMRA, which may properly be removed to this Court pursuant to 28 U.S.C. §1441.

c. This Court has pendant jurisdiction over plaintiffs' state law and common law claims pursuant to 28 U.S.C. §1367.

5. All named defendants have been contacted and consent to this application for Removal.

NE:3150955v1

2

6. This Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b) and the Federal Rules of Civil Procedure.

7. Upon filing of this Notice of Removal, Defendants shall give written notice thereof to Estelle Flynn Lord, Esq., attorney for plaintiff, Moses Easter, and Defendants shall file copies of said Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Essex County, Newark, New Jersey.

8. By filing this notice, Defendants do not waive any defenses or claims which may be available to them.

WHEREFORE, defendants, The Pepsi Bottling Group, Inc., Kevin Daniels, Amy Corona and Doug Haasis, remove the above-captioned action now pending against them in the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

*s/ Carmine A. Iannaccone*
Carmine A. Iannaccone
Epstein Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
Telephone: (973) 642-1900
Facsimile: (973) 642-0099
Email: ciannaccone@ebglaw.com

DATED: October 13, 2009

NE:3150955v1

3

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this date I caused a copy of the foregoing Notice of Removal to be served upon plaintiff, via first class mail, to Estelle Flynn Lord, Esq., attorney for plaintiff, Moses Easter, at 111 Quimby Street, Suite #1, Westfield, New Jersey 07090. I also caused two copies of the foregoing document to be served via first class mail, postage prepaid to the Clerk, Superior Court of New Jersey, Essex County at the Essex County Court House, 50 West Market Street, Newark, New Jersey 07102.

*s/ Carmine A. Iannaccone*
Carmine A. Iannaccone
Epstein Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
Telephone: (973) 642-1900
Facsimile: (973) 642-0099
Email: ciannaccone@ebglaw.com

Dated: October 13, 2009

# EXHIBIT A

xxx

**Estelle Flynn Lord, Esq.**
111 Quimby Street, Suite #1
Westfield, New Jersey 07090
(908) 654-3883
Attorney for: Plaintiff



Office of the Superior Court Clerk
By Deputy Clerk of the Superior Court

AUG 1

Received and Filed
ESSEX

| | |
|---|---|
| Plaintiff<br><br>MOSES EASTER<br><br>vs.<br><br>Defendants<br><br>PEPSI BOTTLING GROUP, INC., KEVIN DANIELS, AMY CORONA, and DOUG HASIS | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY<br>LAW DIVISION<br>DOCKET NO.: L-6719-09<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, MOSES EASTER, residing at 807 South 12th Street, City of Newark County of Essex, State of New Jersey, says by way of complaint:

### FIRST COUNT

1. Defendant, PEPSI BOTTLING GROUP, INC., (herein referred to as PBG), is a Corporation, doing business in the State of New Jersey, with offices located at 2200 New Brunswick Avenue, Town of Piscataway, State of New Jersey.

2. At all times pertinent hereto, defendant PBG regularly employed five or more persons, bringing the defendant employer within the provision of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et. seq. prohibiting employers or their agents from discriminating against employees on the basis of race, age, sex, sexual orientation, and/or perceived sexual orientation.

3. At all times pertinent hereto, Kevin Daniels was employed as a Plant Manager at

defendant PBG's Piscataway, New Jersey location.

4. At all times pertinent hereto, Amy Corona was employed as Human Resources Director at defendant PBG's Piscataway, New Jersey location.

5. At all times pertinent hereto, Doug Hasis was employed as Production Supervisor and oversaw the plaintiff at defendant PBG's Piscataway, New Jersey location.

6. Plaintiff, an African-American male, was employed by defendant PBG at its Piscataway location from 1997 until November 5, 2007, in the position of Warehouse Technician.

7. At all times pertinent hereto, plaintiff was a member of Teamsters Local 125. At all times pertinent hereto, the defendant and the aforesaid Teamsters Local 125 had a contractually negotiated collective bargaining agreement in full force and effect.

8. Plaintiff was employed by defendant PBG for ten years and proved himself a good employee. While he had received the occasional verbal warning, plaintiff had no previous formal disciplinary action against him.

9. On or about September 28, 2007, plaintiff was falsely accused of stealing company time by punching in for another employee and falsifying time cards. A review of the video monitoring system, overseen and controlled by defendant Doug Hasis, showed no conclusive evidence that the plaintiff either wrongfully punched in for other employees or falsified time cards. However, plaintiff was suspended and immediately terminated by defendant Amy Corona, Human Resources Director, at the recommendation of defendant Doug Hasis, Production Manager, on or about November 5, 2007 without an investigation or hearing of any kind.

10. The aforesaid termination was without any previous warning, contrary to contractual provisions of plaintiff's collective bargaining agreement.

11. Other white employees of PBG, namely Jack Rott, Guy Sirillo, and Dan D'Amico, were accused of and disciplined for offenses similar to those of which PBG accused the defendant. However, these three individuals only received three day suspensions rather than being terminated. Jack Rott was later promoted to a supervisory position. Defendant Kevin Daniels, at the time, served as the aforesaid white employees' manager/supervisor, and saw to it that they were not terminated. At least two other similarly situated African-American employees, namely Kenneth Hyman and Blair McGuire, were also terminated because of alleged stealing of company time while defendant Kevin Daniels served as their supervisor/manager.

12. Further, on or about 2003-2004, plaintiff, along with eight other employees of defendant PBG, filed a discrimination law suit against defendant company.

13. The aforesaid case was settled and defendant PBG paid money damages to each of the plaintiffs. However, plaintiff notes he was retaliated against by the company since the resolution of the aforesaid discrimination lawsuit. Plaintiff believes his termination is based upon his race and was, in part, in retaliation for successfully bringing the prior lawsuit.

14. As a direct and proximate result of the foregoing, plaintiff was terminated and has been subsequently unable to find work for which he is qualified and at a commensurate rate of pay for his skills and experience. Plaintiff has suffered humiliation, embarrassment, and loss of self-esteem and reputation. Plaintiff has suffered loss of time and money in endeavoring to protect himself from defendants' unlawful discrimination, including costs and reasonable attorney's fees of this action. Because of the foregoing, plaintiff is entitled to general, compensatory, and punitive damages.

15. The treatment of plaintiff by defendant company constitutes an unlawful employment practice or unlawful discrimination based on race in violation of N.J.S.A 10:5-1 et sq., the New

Jersey Law Against Discrimination, and a violation of his civil rights pursuant to N.J.S.A., 10:5-4, 10:5-4.1, and 10:5-12, entitling plaintiff to general, compensatory, and punitive damages.

WHEREFORE, plaintiff demands judgement against all defendants as follows:

A. For compensatory damages including lost wages, benefits and emotional distress;

B. Punitive damages;

C. For attorney's fees and costs of suit;

D. For prejudgement interest on all amounts claimed;

E. For such other and further relief as the Court deems proper.

## SECOND COUNT

1. For a second and further claim for relief, plaintiff reiterates and re-alleges each and every allegation contained in the First Count of this Complaint to which reference is hereby made, in full, as though set forth at length herein.

2. The above described actions of defendants constitute a wrongful discharge of plaintiff contrary to the State of New Jersey's public policy against race discrimination in employment and entitling plaintiff to general, compensatory, and punitive damages.

WHEREFORE, plaintiff demands judgement against all defendants as follows:

A. For compensatory damages including lost wages and benefits and emotional distress;

   B.   For punitive damages;

   C.   For attorney's fees and costs of suit;

   D.   For prejudgment interest on all amounts claimed;

   E.   For such further relief as the Court deems proper.

## THIRD COUNT

1. For a third and further claim for relief, plaintiff reiterates and re-alleges each and every allegation contained in the First and Second Counts of this Complaint to which reference is hereby made, in full, as though set forth at length herein.

2. Defendants, in committing the above-described acts, intended to and did inflict severe emotional distress upon plaintiff. Defendants acted with a reckless disregard of the probability of causing emotional distress to plaintiff.

3. As a direct and proximate result of the outrageous acts, omissions, conduct and discrimination of defendants, plaintiff became physically distraught, sustained shock to his nervous system, and suffered severe emotional distress resulting in damage to him, and, as a consequence of the foregoing, plaintiff is entitled to general, compensatory and punitive damages.

   WHEREFORE, plaintiff demands judgement against all defendants as follows:

   A.   For compensatory damages including lost wages and benefits and emotional distress;

   B.   For punitive damages;

      C.      For attorney's fees and costs of suit;

      D.      For prejudgment interest on all amounts claimed;

      E.      For such other relief as the Court deems proper.

## FOURTH COUNT

1. For a fourth and further claim for relief, plaintiff reiterates and re-alleges each and every allegation contained in the First, Second, and Third Counts of this Complaint to which reference is hereby made, in full, as though set forth at length herein.

2. Defendants, in committing the above-described acts, negligently inflicted genuine and substantial emotional distress upon plaintiff. Defendants had a legal duty to care for plaintiff. By committing the above-described acts, defendants committed a breach of their duty to care for the plaintiff.

3. As a direct and reasonably foreseeable result of the negligence of defendants, plaintiff became physically distraught and sustained shock to his nervous system and suffered genuine and substantial emotional distress resulting in damages to plaintiff. As a consequence of the foregoing reasons, plaintiff is entitled to general, compensatory and punitive damages.

WHEREFORE, plaintiff demands judgement against all defendants as follows:

      A.      For compensatory damages including lost wages and benefits and emotional distress;

      B.      For punitive damages;

      C.      For attorney's fees and costs of suit;

D. For prejudgment interest on all amounts claimed;

E. For such other relief as the Court deems proper.

## FIFTH COUNT

1. For a fifth and further claim for relief, plaintiff reiterates and re-alleges each and every allegation contained in the First, Second, Third, and Fourth Counts of this Complaint to which reference is hereby made, in full, as though set forth at length herein

2. Defendants willfully, maliciously, and intentionally interfered with the employment contractual relations (i.e. collective bargaining agreement) between plaintiff and defendant PBG, which interference resulted in plaintiff's failure to sustain his position.

3. As a result of the aforesaid interference, plaintiff has suffered and will suffer damages.

4. Defendants' interference toward plaintiff was willful and intentional, and was done maliciously with the intent to vex, annoy, oppress, and injure plaintiff, and therefore plaintiff is entitled to general, compensatory and punitive damages.

5. Plaintiff requires equitable relief, as there is no adequate relief available to him at law for all of the foregoing claims of relief.

WHEREFORE, plaintiff demands judgement against all defendants, as follows:

A. For compensatory damages including lost wages and benefits and emotional distress;

B. For punitive damages;

C. For attorney's fees and costs of suit;

D.   For prejudgment interest on all amounts claimed;

E.   For such further relief as the Court deems proper.

## SIXTH COUNT

1. For a sixth and further claim to relief, plaintiff reiterates and re-alleges each and every allegation contained in the First, Second, Third, Fourth, and Fifth counts of this complaint to which reference is hereby made, in full, as though set forth at length herein.

2. The allegations made by defendants company were false.

3. Defendants knowingly and maliciously made the aforesaid statements regarding plaintiff stealing company time and falsifying time cards with the intent to damage and humiliate the plaintiff. Defendants, from plaintiff's date of termination to the present, continue to maliciously provide prospective employers with false and malicious information regarding the plaintiff's reason for leaving defendant company's employ, causing plaintiff to be essentially blacklisted from obtaining current employment.

4. The defendants' statements toward plaintiff caused the plaintiff damage to his career and personal life, for which plaintiff is entitled to compensatory and punitive damages.

WHEREFORE, plaintiff demands judgement against all defendants as follows:

A.   For compensatory damages including lost wages and benefits from emotional distress;

B.   For punitive damages;

C.   For attorney's fees and cost of suit;

D. For prejudgement interest on all amounts claimed;

E. For such further relief as the Court deems proper.

DATED: 8/14/08

_____
ESTELLE FLYNN LORD
Attorney for Plaintiff

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues.

DATED: 8/14/08

_____
ESTELLE FLYNN LORD
Attorney for Plaintiff

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25 Estelle Flynn Lord, is hereby designated as trial counsel for the above captioned matter.

DATED: 8/14/08

_____
ESTELLE FLYNN LORD
Attorney for Plaintiff

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the mater in controversy in the within action is not the subject of any other action pending in any Court or any pending arbitration proceeding, and no other action or arbitration is contemplated. I further certify that there is no other party who should be joined in this action.

DATED: 4/14/09

ESTELLE FLYNN LORD
Attorney for Plaintiff