UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Moses Easter | : |
| Plaintiff(s) | : |
|  | : Hon. Stanley R. Chesler |
| -vs- | : Civil Action No. 09-5188(SRC) |
|  | : |
| Pepsi Bottling Group, Inc., et al. | : PRETRIAL SCHEDULING ORDER |
|  | : |
| Defendants(s) | : |

THIS MATTER having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on January 21, 2010; and for good cause shown:

IT IS on this 21st day of **January, 2010**

**ORDERED THAT:**

### I. DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **2/4/10.**

### II. DISCOVERY

2. Fact discovery is to remain open through **6/21/10.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3. The parties may serve interrogatories limited to **twenty-five (25)** single questions, and requests for production of documents on or before **2/4/10,** to be responded to by **3/4/10.**

4. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **6/21/10.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated.

5. **Pursuant to L. Civ. R. 16.1(f)(1), counsel must confer to resolve any case management dispute.** Any discovery dispute shall be brought to the Court's attention in the first instance by way of an e-filed joint letter immediately after the parties' good faith attempt to resolve the dispute has failed. The e-filed joint letter must set forth the nature of the dispute and provide each party's position regarding the dispute. **Discovery disputes shall be brought to the court's attention no later than thirty days prior to the close of discovery.**

6. Counsel may freely file motions to seal and *pro hac vice* motions. Counsel should clearly indicate in the motion papers whether the motion has been consented to. **No other motion, discovery or dispositive, shall be made without prior leave of Court.** Any motion filed without prior leave of Court will be terminated.

### III. DISCOVERY CONFIDENTIALITY ORDERS

7. Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26 (c) and Local Civil Rule 5.3. See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Company v. Thompson, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** See Local Civil Rule 5.3.

### IV. FUTURE CONFERENCES

8. The Court will conduct a **telephone** status conference on **6/21/10** at **2:00 p.m.** Counsel for Plaintiff(s) is to initiate the call to (973) 645-3827. **By 6/14/10** (one week prior), counsel must e-file a joint letter. The letter should provide the current case status. In addition, the letter should list any discovery related dispute(s) and provide each party's position regarding the discovery related dispute(s).

9. There shall be an in person **settlement** conference before the Undersigned on **4/19/10 at 11:30 a.m.** at the Martin Luther King Jr, Federal Bldg. & U.S. Courthouse, 50 Walnut Street, Room 2042, Newark, New Jersey 07102. **By 4/12/10,** each party is to submit to chambers a confidential letter, not to exceed **five (5) pages,** summarizing the relevant facts, the respective legal positions, status of the case and the client's position on settlement.

10. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

11. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with

full settlement authority must attend in person. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person who attends the conference.

12. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

13. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## V. MOTIONS

14. Any motion to add new parties or amend the pleadings, whether by amended or third-party complaint, must be filed not later than **3/15/10.**

15. All calendar or dispositive motions, if permitted, shall comply with the Local Civil Rules.

16. Dispositive motions, if any, are to be filed **no later than thirty (30) days after the entry of the Final Pretrial Order**.

## VI. EXPERTS

17. All affirmative expert reports shall be delivered by **7/21/10**. Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a) (2) (B).

18. All responding expert reports shall be delivered by **8/23/10**. Any such report shall be in the form and content as described above.

19. (A) Depositions of experts are to be taken and completed by **9/23/10.**

    (B) No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VII. FINAL PRETRIAL CONFERENCE

20. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) on **11/29/10 at 11:30 a.m.**

21. A Final Pretrial Order must be served upon the Court by **10/25/10.**

22. **Three (3) weeks before the final pretrial conference**, counsel for each party shall serve upon all parties copies of all trial exhibits, fully pre-marked with exhibit tabs and numbering to be utilized at trial.

23. All counsel are directed to assemble at the office of plaintiff's counsel not later than **thirty (30) days before the pretrial conference** to prepare the Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval. All counsel are responsible for the timely submission of the Pretrial Order and submissions.

24. **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**United States Magistrate Judge**