EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants
The Pepsi Bottling Group, Inc.,
Kevin Daniels, Amy Corona
and Douglas Haasis
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
(973) 642-1900

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------x
MOSES EASTER,

              Plaintiff,

vs.

PEPSI BOTTLING GROUP, INC., KEVIN
DANIELS, AMY CORONA, and DOUG
HASIS,

              Defendants.
---------------------------------x

CIVIL ACTION NO. 09-cv-5188 (SRC) (MAS)

**CERTIFICATION IN SUPPORT
OF CONSENT DISCOVERY
CONFIDENTIALITY ORDER**

CARMINE A. IANNACCONE, of full age, hereby certifies as follows:

    1.     I am an attorney at law of the State of New Jersey and a member of the law firm of Epstein Becker & Green, P.C., counsel for defendants The Pepsi Bottling Group, Inc. ("PBG" or the "Company"), Kevin Daniels, Amy Corona and Douglas Haasis (improperly pled as "Hasis") (collectively referred to herein as "Defendants") in the above-referenced matter. I submit this Certification in accordance with Local Civil Rule 5.3(b)(2) in support of the Discovery Confidentiality Order jointly proposed by Plaintiff Moses Easter and Defendants.

    2.     Good cause exists for entry of the discovery confidentiality order. Plaintiff alleges in this lawsuit that Defendants discriminated against him based on his race and retaliated against him for filing an earlier lawsuit against PBG when it terminated him in

November 2007. Defendants contend that their actions were legitimate and reasonable because Plaintiff was terminated for falsifying time records and theft of company time in violation of PBG policies.

In this matter, discovery to be exchanged between the parties will necessarily include a variety of documents and materials concerning Plaintiff's employment and subsequent termination, including various PBG policies related to business operations and video footage of the Company's internal work spaces at its Piscataway, New Jersey location, which are confidential and proprietary materials. Discovery will also include Plaintiff's personnel file and information relating to former PBG employees, who are not parties to this lawsuit; documents relating to the union (Teamsters Local 125) that Plaintiff was a member of during his employment; and personal information pertaining to Plaintiff including, but not limited to, sensitive medical information.

    3.  Legitimate private and public interests warrant maintaining the confidential nature of these records. PBG's corporate policies and identification of the physical interior of one of its operations are confidential and are of a highly sensitive nature to Defendants, and their broad disclosure could cause PBG substantial competitive injury within the industry. The information sought to be protected is personal and/or proprietary; it does not implicate the public health or safety. There is no public interest that would militate for the unrestricted disclosure of this proprietary corporate information.

    4.  In addition, PBG's former employees have a strong privacy interest in protecting the disclosure of information relating to their respective tenures of employment at PBG. These individuals are not parties to this lawsuit and, unlike Plaintiff, have not opened themselves up to scrutiny of their personal affairs. To the extent Defendants are required to

provide information relating to these former employees, they must be kept confidential to protect the privacy interests of these individuals.

5. It is respectfully submitted that good cause exists for the Court to enter the discovery confidentiality order in the form jointly submitted by the parties to this action. As described above, public disclosure of the records would result in harm to PBG and its former employees. The information that Defendants seek to protect is private and proprietary information. Likewise, Plaintiff would suffer an increased risk of identify theft or other harm in that his personal data and information would be available to the public. These important interests, combined with a lack of public interest in disclosing the information, evidences good cause for entry of the discovery confidentiality order.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants

By: *s/ Carmine A. Iannaccone*
    Carmine A. Iannaccone
    Two Gateway Center, 12th Floor
    Newark, New Jersey 07102-5003
    Telephone: (973) 642-1900
    Facsimile: (973) 642-0099
    Email: ciannaccone@ebglaw.com

DATED: May 20, 2010