# Estelle Flynn Lord
## Attorney At Law

710 Frank E. Rodgers Blvd N.  
East Newark, NJ 07029  
(973) 483-1948

*Please Reply to:*   111 Quimby St. #1  
Westfield, NJ 07090  
(908) 654-3883

FAX: (908) 232-0317

May 27, 2010  
**(VIA E-FILE AND REGULAR MAIL)**

Hon. Michael A. Shipp, U.S. Magistrate Judge  
M.L. King Jr. Fed. Bldg. & Courthouse  
50 Walnut Street  
Newark, NJ 07102

   Re:   **Easter v. Pepsi Bottling Group, Inc. et al.**  
         **Docket No.: 09-cv-5188**

Dear Judge Shipp:

We represent the plaintiff, Moses Easter, in the above captioned matter. We hereby request to be relieved as Mr. Easter's counsel. We do not make this request lightly. Mr. Easter has failed to keep repeated appointments at my office in order to discuss strategy, answer interrogatories and provide documents for the defendant's request for production of documents. We have written four (4) letters to Mr. Easter, dated, May 20, 2010, May 11, 2010, April 28, 2010 and April 27, 2010 (The aforesaid letters are annexed hereto as Exhibits A-D respectively).

In spite of my repeated correspondence to Mr. Easter, he only showed up at my office on two (2) occasions since filing his complaint in Federal District Court. Your Honor has provided both parties with a very short discovery period and therefore it is extremely important that the plaintiff cooperate fully with counsel. My legal assistant, Shauna, contacted Moses Easter on at least five (5) separate occasions. Each time my staff scheduled appointments with Mr. Easter, he did not show up for his appointments. Shauna personally contacted Mr. Easter on each occasion in order to remind him to come in for his aforesaid appointments. Mr. Easter, never once called in advance to cancel or reschedule his appointments. Our office had to chase him down repeatedly in order to beg him to come in. For example, most recently, Shauna reached Mr. Easter and scheduled him to come in to the Westfield office for an appointment to obtain discovery materials on Wednesday, May 19, 2010. The plaintiff did not show up and could not be reached via telephone during the morning hours. During the late afternoon of May 19, 2010, Shauna again reached out to Mr. Easter, who promised he would come to our Westfield office on Thursday, May 20,2010 at 10:30 am. Once again, Mr. Easter did not show up for the appointment. Instead, several hours later, I personally received a telephone call from Mr. Easter's uncle stating that the plaintiff did not want to attend the appointment without him. However, the uncle was on a business trip to Arizona and would not return to the New Jersey area for at least eight (8) days. Shauna reached out again for Mr. Easter, who absolutely promised that he would come to our Westfield office on Tuesday, May 25, 2010, at

11:30 am with or without his uncle. Needless to say, he did not show up for the appointment and could not be reached via telephone. Mr. Easter finally called our office in the late afternoon of Tuesday, May, 25, 2010. He stated that he could no keep the last appointment scheduled for that day, because his uncle had not yet returned to the state. It is apparent to me that Mr. Easter has no intention whatsoever to seriously proceed with this case.

I am extremely concerned about proceeding with this matter inasmuch as the fact discovery end date is less than a month away and Mr. Easter has not provided me with the addresses of any witnesses that we can depose. Further, he has not produced one shred of documentary evidence to support his claim. Mr. Easter's total lack of responsibility for even the simplest things in this case is beyond the pale. He repeatedly promises to obtain addresses and evidence that can be helpful for him but he refuses to follow through with any of his promises.

Finally, on or about August 4, 2009, Moses Easter signed a litigation retainer agreement with our office wherein he agreed to pay Twenty-Five Hundred Dollars ($2,500.00) toward my legal fees within ten (10) days of signing the agreement. Additionally, Mr. Easter agreed to pay this office a second additional payment of Twenty-Five Hundred Dollars towards his costs of suit within in sixty (60) days of signing the aforesaid litigation retainer agreement. To date, we have NOT received any portion of the second Twenty-Five Hundred Dollars ($2,500.00) for the costs of suit. I strongly suspect that Mr. Easter is stringing me along (copy of the aforesaid litigation retainer agreement signed by Moses Easter on August 9, 2009 is annexed hereto as Exhibit E).

For the foregoing reasons, I respectfully request that my application to be relieved as counsel will be granted. Please advise my office as to whether my informal application via letter has been granted.

Respectfully Yours,

Estelle Flynn Lord

enclosure
EFL/dn
cc:     Moses Easter