NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MOSES EASTER,              : | |
| :  | |
| Plaintiff,        : | Civil Action No. 09-5188 (SRC) |
| :  | |
| v.             : | OPINION |
| :  | |
| PEPSI BOTTLING GROUP, INC.,   : | |
| KEVIN DANIELS, AMY CORONA, and  : | |
| DOUG HASIS,          : | |
| :  | |
| Defendants.       : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for summary judgment, pursuant to FED. R. CIV. P. 56, by Defendants The Pepsi Bottling Group, Inc. ("Pepsi"), Kevin Daniels, Amy Corona, and Douglas Haasis (collectively, "Defendants"). For the reasons set forth below, Defendants' motion will be granted.

BACKGROUND

This case arises out of an employment dispute. Plaintiff Moses Easter is African-American and was employed by Pepsi. In 2003, he filed a lawsuit against Pepsi which alleged race discrimination. Pepsi terminated Plaintiff in November of 2007. Pepsi alleges that Easter was terminated because he engaged in time and attendance fraud. Plaintiff alleges that he was terminated on account of his race and in retaliation for his protected conduct. In 2009, Plaintiff filed a Complaint which asserted six counts: 1) employment discrimination in violation of New Jersey's Law Against Discrimination ("NJLAD"); 2) wrongful discharge in violation of public

policy; 3) intentional infliction of emotional distress; 4) negligent infliction of emotional distress; 5) tortious interference with contract; and 6) defamation. Defendants have moved for summary judgment on all counts in the Complaint.

## LEGAL STANDARD

I.    **Summary Judgment**

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that

there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

**II.     Employment Discrimination: Disparate Treatment Claims**

All disparate treatment[1] claims for employment discrimination under federal law are

---

[1] A disparate treatment case is one in which the employer treats some people less favorably than others because of their membership in a protected class. See Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977).

analyzed by application of the McDonnell Douglas test:

> The Court in *McDonnell Douglas* set forth a burden-shifting scheme for discriminatory-treatment cases. Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment action. If the employer meets this burden, the presumption of intentional discrimination disappears, but the plaintiff can still prove disparate treatment by, for instance, offering evidence demonstrating that the employer's explanation is pretextual. The Courts of Appeals have consistently utilized this burden-shifting approach when reviewing motions for summary judgment in disparate-treatment cases.

Raytheon Co. v. Hernandez, 540 U.S. 44, 50 (2003) (citations omitted). The New Jersey Supreme Court has adopted the McDonnell Douglas test for most employment discrimination claims. Victor v. State, 203 N.J. 383, 408 (2010).

If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant to "articulate some legitimate, non-discriminatory reason" for the employer's action. McDonnell Douglas, 411 U.S. 792, 802 (1973). The employer may satisfy the burden by introducing evidence which, taken as true, would allow the factfinder to conclude that there was a nondiscriminatory reason for the unfavorable employment decision. St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). The employer need not prove that the tendered reason actually motivated the decision. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). The burden of proving intent remains with the Plaintiff. Id.

If the defendant employer satisfies the burden, then "the plaintiff must 'submit evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated reasons or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.'" Fakete v. Aetna, 308 F.3d 335, 338 n.3 (3d Cir.

2002). The plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow the factfinder to infer that each of the employer's proffered nondiscriminatory reasons was either a post hoc fabrication or otherwise did not actually motivate the employment action. Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994).

At this stage, the burden has shifted back to the plaintiff, and the plaintiff must show, by a preponderance of the evidence, that the employer's explanation is pretextual. Id. "The test is whether the plaintiff ultimately persuades the factfinder that the employment decision was caused by bias" and that the real reason for the employer's adverse employment decision is discrimination. Id.

## DISCUSSION

**I.      Defendants' motion for summary judgment**

Defendants first move for summary judgment on Plaintiff's claim of employment discrimination under the NJLAD. Defendants have chosen not to put the *prima facie* case at issue in this motion, and argue instead only that Plaintiff lacks evidence to establish pretext. (Defs.' Br. 8 n.3.) The summary judgment burden then shifts to Plaintiff to point to the evidence from which a trier of fact could find that Defendants' stated reasons for terminating Plaintiff are pretextual.

Plaintiff's opposition completely fails to point to evidence from which a reasonable trier of fact could conclude that the stated reasons for terminating Plaintiff are pretextual. Plaintiff's L. Civ. R. 56.1 Statement makes only eleven factual statements. Nine of these cite only to Plaintiff's Complaint, which is a pleading; it is not admissible evidence. The only two factual statements that cite to admissible evidence are number 4 (stating Plaintiff's pay rate) and number

11 (stating that Pepsi was aware of Plaintiff's prior lawsuit).  This Court holds, as a matter of law, that these two factual assertions are insufficient to show that Pepsi's stated reasons for terminating Plaintiff were a pretext for race discrimination.  No reasonable trier of fact could view this evidence and conclude that Plaintiff had proven his case under McDonnell Douglas.

Plaintiff's opposition brief does argue that he has offered evidence sufficient to raise an inference of illegal retaliation but fails to point to any actual evidence to support this argument.  Absent evidentiary support, the argument alone cannot defeat the motion for summary judgment.  Plaintiff argues that similarly-situated white employees who were accused of similar misconduct received milder disciplinary consequences than he did.  This might have been relevant, had Plaintiff offered any evidence to support it – but Plaintiff cites only the Complaint in support.  Plaintiff also cites the Third Circuit's decision in Woodson v. Scott Paper Co., 109 F.3d 913, 920-921 (3d Cir. Pa. 1996): "a plaintiff can establish a link between his or her protected behavior and subsequent discharge if  the employer engaged in a pattern of antagonism in the intervening period."  This might have been relevant as well – but Plaintiff has offered no evidence of a pattern of antagonism.  In short, Plaintiff has offered no evidence to make his case.

Plaintiff has failed to defeat Defendants' motion for summary judgment on the claim for employment discrimination in violation of NJLAD.

Plaintiff's opposition brief makes no attempt to respond to the Defendants' motion for summary judgment as to the remaining claims in the Complaint.  This Court construes this as a concession that, as to the remaining claims in the Complaint, Defendants' motion for summary judgment is unopposed.  Defendants' motion for summary judgment will therefore be granted in its entirety.

**CONCLUSION**

Defendants have shown that no factual disputes preclude a grant of summary judgment, and that, pursuant to Federal Rule of Civil Procedure 56, they are entitled to judgment as a matter of law. Defendants' motion for summary judgment is granted, and Judgment will be entered in Defendants' favor on the Complaint in its entirety.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: February 15, 2012